# Third District Court of Appeal

## State of Florida

Opinion filed February 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0940
Lower Tribunal No. 19-3198 SP

_____

**United Automobile Insurance Company,**
Appellant,

vs.

**Family Rehab, Inc.**
**a/a/o Hugo Nelson Jimenez,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Michael J. Neimand, for appellant.

David B. Pakula, P.A., and David B. Pakula (Pembroke Pines); Corredor & Husseini, P.A., and Maria E. Corredor, for appellee.

Before EMAS, SCALES, and LINDSEY, JJ.

PER CURIAM.

Appellant United Automobile Insurance Company appeals from a final judgment awarding $4,782.00 in attorney's fees to Appellee Family Rehab, Inc., as assignee of the Insured. Though United Auto paid PIP benefits in response to Family Rehab's demand letter, it did not initially pay the statutory late payment penalty and postage, totaling $10.55.[1] The issue before us is whether Family Rehab is entitled to attorney's fees after recovering solely on the late penalty and postage.

In South Florida Pain & Rehabilitation of West Dade v. Infinity Auto Insurance Co., 318 So. 3d 6 (Fla. 4th DCA 2021), the Fourth District held that an insured's assignee is not entitled to attorney's fees when the insurer timely pays all PIP benefits pursuant to a demand but does not initially pay the late penalty and postage. The parties do not dispute that this case is on all fours.

Family Rehab argues that South Florida Pain and Rehabilitation was wrongly decided and that this Court should certify conflict. We disagree and decline to certify conflict. Based on the sound reasoning in South Florida Pain and Rehabilitation, we conclude that Family Rehab is not entitled to attorney's fees. Accordingly, we reverse.

---

[1] On March 5, 2019, Family Rehab filed the underlying Complaint seeking payment of the late penalty and postage. United Auto paid the late payment and postage on June 29, 2019.

Reversed and remanded.